STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA  90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

312 North Spring Street, Los Angeles, CA  90012

| | |
|---|---|
| ERNESTO SOSA NARANJO,<br><br>              Plaintiff,<br><br>      -vs.-<br><br>VICENTE SANDOVAL, ROLANDO MARQUEZ DBA LA QUINTA REAL RESTAURANT, ELIDA MARQUEZ DBA LA QUINTA REAL RESTAURANT,<br><br>          Defendants. | **Case No. 16 CV 08476**<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br>2. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>3. **UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 *et seq.*;**<br>4. **FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500 *et seq.*;**<br>5. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;**<br>6. **CANCELLATION OF REGISTRATION OF MARK;**<br>7. **ACCOUNTING;**<br>8. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br>    **JURY TRIAL DEMANDED** |

-1-
COMPLAINT

Plaintiff Ernesto Sosa Naranjo brings this action against defendant Vicente Sandoval for (1) injunctive relief and damages for unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) cancellation of trademark registration; (3) injunctive relief and damages for violation of California state common trademark law; (4) unfair competition under California Business and Professions Code § 17200 *et seq.*; (5) false advertising under California Business and Professions Code § 17500 *et seq.*; (6) interference with prospective business advantage under California common law; and (7) for accounting, as hereinafter alleged.  Plaintiff brings the same claims, save for his claim for cancellation, against defendants Rolando Marquez dba La Quinta Real Restaurant and Elida Marquez dba La Quinta Real Restaurant.

## JURISDICTION AND VENUE

1.       These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Bus. & Prof. Code §§ 17500 *et seq.*  This Court has original jurisdiction over the subject matter of the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.  15 U.S.C. §§ 1501 *et seq.*

2.       This Court has specific personal jurisdiction over defendants as they reside in this judicial district or have purposefully committed, within this state and this federal district, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3.       Venue is proper in the United States District Court for the Central

District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that defendants reside in this District, transact affairs in this District and/or that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4.      Plaintiff Ernesto Sosa Naranjo is a resident of California.

5.      Defendant Vicente Sandoval is a resident of Stalislaus County, California.

6.      Plaintiff is informed and believes that defendant Rolando Marquez is a resident of Los Angeles County, California.

7.      Plaintiff is informed and believes that defendant Elida Marquez is a resident of Los Angeles County, California.

8.      Defendant Rolando Marquez and Elida Marquez do business under the fictitious business name La Quinta Real Restaurant, with their business located at 400 East Compton Boulevard, Compton, Los Angeles County, California.

## GENERAL ALLEGATIONS

9.      Plaintiff Ernesto Sosa Naranjo began the musical group "Grupo Vennus de Aguililla Michoacan" ("Vennus Group of Aguililla, Michoacan") in October 1977 in Redwood City, California, together with defendant Vicente Sandoval and three other individuals.  Aguililla is the name of a village in the Mexican state of Michoacán, and the home town of plaintiff Ernesto Sosa Naranjo.

10.     In August 1979, the members of Grupo Vennus de Aguililla Michoacán, including defendant Vicente Sandoval, entered into a recording agreement with Arriba Records, a now-defunct record label then located in the city of Los Angeles, California.  Plaintiff Ernesto Sosa Naranjo was the lead singer of the group.  Defendant Vicente Sandoval played guitar for the group.

11.     Defendant Vicente Sandoval remained a member of the group for the recording of the first three albums of Grupo Vennus de Aguililla Michoacan entitled "Yo Comencé la Broma," "Hoy Te Quiero Tanto Tanto" and "Alma."  By the time

plaintiff's musical group recorded its fourth album "Vuelve" in 1984, defendant Vicente Sandoval had departed the group and moved to Mexico.  Defendant Sandoval was replaced in the group by Enrique Jara.

12.     Plaintiff Ernesto Sosa Naranjo not only participated in the recording of the first three albums of Grupo Vennus de Aguililla Michoacan mentioned above, plaintiff continued the recording activities of the group after defendant Vicente Sandoval's departure.  In all, plaintiff as lead singer of the group participated in the recording of more than 20 albums released over the following three decades.

13.     Eventually, all of the original members of the musical group Grupo Vennus de Aguililla Michoacan left the group, leaving plaintiff Ernesto Sosa Naranjo as the sole owner and original member of the musical group Grupo Vennus de Aguililla Michoacan from approximately 1984 to the present day.

14.     Defendant Vicente Sandoval never returned to the original musical group Grupo Vennus de Aguililla Michoacan after his departure prior to the recording of the album "Vuelve" in 1984, and neither participated in the sound recordings or live performances of the musical group after that time.

15.     In the period from 1984 to the present, plaintiff Ernesto Sosa Naranjo and his musical group Grupo Vennus de Aguililla Michoacan have recorded numerous albums, including without limitation:

    a.    Vuelve (1984)

    b.    Melancolia (1984)

    c.    12 Rancheritas Bonitas (1984)

    d.    Esclavo y Rey (1987)

    e.    Tiempo al Tiempo (1990)

    f.    Y Si Te Quiero (1991)

    g.    Muy Romántico (1992)

    h.    Con Sentimiento y Amor (1994)

    i.    Entre Tu y Yo (1994)

j.      A Traves del Tiempo (1995)

k.      Inolvidable (1995)

l.      15 Románticas (1996)

m.     Recuerdos (1997)

n.      Con Mariachi (1997)

o.      El Camino (1998)

p.      Hoy Te Quiero Tanto, Vol. 2 (1999)

q.      Quiero Saber de Ti (2001)

r.      Una Página Más (2003)

s.      Mi Angel (2004)

t.      Mi Sueño de Amor

u.      Estrella Azul (2006)

v.      Vuelve Pronto (2007)

w.     Exitos en Vivo! (2015)

In addition, the record label for Grupo Vennus de Aguililla Michoacan, has released and licensed numerous compilations of the sound recordings of plaintiff's musical group over the years, including without limitation:

x.      Éxitos del Grupo Vennus de Aguililla Michoacan (1985)

y.      12 Super Exitos (1985)

z.      14 Rancheritas de Exito (1991)

aa.    Super Rancheritas al Estilo Del Grupo Vennus (1995)

bb.    18 Super Rancheritas (1995)

cc.    15 Exitos (1996)

dd.    15 Exitos Inolvidables (1996)

ee.    Primera Epoca Vol. 2 (1997)

ff.     Siempre Enamorados (1999)

gg.    30 Grandes Exitos (2004)

hh.    Doble Colección (2006)

ii.    Exitos al Estilo Tierra Caliente (2006)

jj.    20 Kilates de Amor (2009)

kk.    Quiero Saber de Ti (2015)

ll.    Exitos y Mas (2016)

16.    None of the sound recordings made over a 30-plus year period from 1984 on by plaintiff and his Grupo Vennus de Aguililla Michoacan included the performances or participation of defendant Vicente Sandoval.  Similarly, defendant Vicente Sandoval did not participate in any live performances of plaintiff's group Grupo Vennus de Aguililla Michoacan after 1984.

## PLAINTIFF'S EXCLUSIVE USE

17.    Plaintiff Ernesto Sosa Naranjo is the sole owner and senior user of the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks in connection with goods, namely sound recordings, and services, namely the live performances of a musical group, having used the mark continuously since 1979 in commerce in the United States in connection with such goods and services.

18.    Evidence of plaintiff's use in commerce and ownership of the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks includes without limitation:

a.    Numerous sound recordings, including those enumerated previously in this complaint, recorded and distributed in commerce continuously since the early 1980's to the present day for a period exceeding three decades.

b.    Live performances of plaintiff's musical group in commerce continuously since the late 1970's to the present day for a period of nearly four decades.

c.    A proceeding brought in 1988 by plaintiff and his fellow partners at the time to cancel the registration of the mark GRUPO VENNUS DE AGUILILLA MICHOACAN by plaintiff's record label, i.e. Isaac Baly dba Arriba Records.  As a result of plaintiff's action, the record label's registration was cancelled in 1990 by

the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO").

      d.      Plaintiff and his fellow partners at the time in 1990 obtained the registration of the marks GRUPO VENNUS DE AGUILILLA MICHOACAN and GRUPO VENNUS in connection with goods, namely sound recordings, with the USPTO, Reg. Nos. 1,576,057 and 1,576,058.  Unfortunately, the registrations were not maintained and were cancelled in July 1996.

      e.      In 2000, plaintiff filed an application to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in connection with goods, namely sound recordings, and services, namely live performances, Ser. No. 76035836. Unfortunately, the application was not pursued and was declared abandoned by the USPTO due to a conflict with marks unrelated to any defendant in this action.

      f.      In 2003, plaintiff again filed an application to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in connection with goods, namely sound recordings, and services, namely live performances, Ser. No. 76518548.  That application, too, was abandoned due to a conflict with a prior registration of the mark GRUPO VENUS by a party unrelated to plaintiff or this action.

      g.      In 2003, plaintiff again filed an application to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in connection with goods, namely sound recordings, and services, namely live performances, Ser. No. 76518549.  That application was also abandoned due to a conflict with a prior registration of the mark GRUPO VENUS by a party unrelated to plaintiff or this action.

      h.      In 2005, plaintiff again filed an application to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in connection with goods, namely sound recordings, and services, namely live performances, Ser. No. 76640845.  That application was also abandoned due to a conflict with a prior

registration of the mark GRUPO VENUS by a party unrelated to plaintiff or this action.

i.      In 2005, plaintiff again filed an application to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in connection with goods, namely sound recordings, and services, namely live performances, Ser. No. 76640846.  That application was also abandoned due to a conflict with a prior registration of the mark GRUPO VENUS by a party unrelated to plaintiff or this action.

j.      In 2016, plaintiff has again applied to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN with the USPTO, Ser. No. 87051230, in connection with services, namely live performance of a musical band, with a stated date of use in commerce at least as early as 1978.

19.      In 2014, defendant Vicente Sandoval obtained the registration of the mark GRUPO VENNUS DE VICENTE SANDOVAL, Reg. No., 4,483,261 in connection with services, namely live performances of a musical band, with a stated date of first use of May 2005.  As part of the relief sought in this complaint, plaintiff seeks to cancel defendant's registration.

## **GRUPO VENNUS**

20.      The salient term in plaintiff's mark is the term GRUPO VENNUS. "Vennus" is the stylized spelling of the word "Venus," the goddess of love.  The phrase DE AGUILILLA MICHOACAN ("from Aguililla, Michoacán") refers to a village and state in Mexico and is not protectable in and of itself.

21.      When plaintiff registered the mark GRUPO VENNUS DE AGUILILLA MICHOACAN in 1990, he concurrently registered the mark GRUPO VENNUS.

22.      Plaintiff's group is often referred to as GRUPO VENNUS and has been since the inception of the group in the late 1970's.

COMPLAINT

## CONFUSION CAUSED BY DEFENDANT

23.     Defendant Vicente Sandoval and those operating in connection with defendant have engaged in multiple instances of usurpation of plaintiff's marks to advertise the goods and services of defendant Vicente Sandoval, including without limitation the following:

a.     Using plaintiff's marks GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN as the name of defendant's Facebook page.  In addition, defendant uses plaintiff's mark GRUPO VENNUS DE AGUILILLA MICHOACAN throughout the Facebook page in reference to the services of defendant Vicente Sandoval's services.

b.     Using plaintiff's marks GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN to advertise the services of the musical group of defendant Vicente Sandoval.

c.     Using plaintiff's mark GRUPO VENNUS to advertise the services of the musical group of defendant Vicente Sandoval.

24.     The conduct of defendant Vicente Sandoval, and those acting in concert and connection with defendant, has led to instances of actual confusion, either unintentionally on the part of the promoter of an event or intentionally where the aim is to profit from practicing fraud on the public using the name and logo of plaintiff's group to advertise defendant's group.

25.     Plaintiff is informed and believes that defendant Vicente Sandoval and those acting in concert with him sold the services of defendant's musical group to defendants Rolando Marquez and Elida Marquez dba La Quinta Real Restaurant for a performance on August 13, 2016.  Plaintiff is informed and believes that defendants Rolando and Elida Marquez knew that the musical group offered by defendant for performance at La Quinta Real Restaurant was not plaintiff's musical group GRUPO VENNUS DE AGUILILLA MICHOACAN.  Nevertheless, defendant Rolando and Elida Marquez advertised the performance of defendant's

musical group as "Grupo Vennus," using the logo associated with plaintiff and his musical group.

26.     Plaintiff is informed and believes that defendant Vicente Sandoval has scheduled other performances in California and elsewhere in the United States, where he is using plaintiff's GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks to advertise the performances of defendant Vicente Sandoval.

27.     Plaintiff is informed and believes, and based on such information and belief alleges, that as a result of the wrongful conduct of defendant Vicente Sandoval and those operating in connection with him, unscrupulous promoters and venue operators are taking advantage of defendant's usurpation of plaintiff's GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks to mislead consumers into believing that plaintiff's musical group is the one scheduled to perform.

28.     As a result of the actions of defendants and each of them, members of the public are misled into believing that a performance advertised as "Grupo Vennus" or "Grupo Vennus de Aguililla Michoacan" is that of plaintiff's group, causing confusion and damage to the reputation of plaintiff.

## **<u>FIRST CLAIM FOR RELIEF</u>**
## **(FEDERAL TRADEMARK INFRINGEMENT AND**
## **UNFAIR COMPETITION, AGAINST ALL**
## **DEFENDANTS)**

29.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

30.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

31.     Plaintiff is the founder and owner of the musical group "Grupo Vennus de Aguililla Michoacan" as well as the senior user of the marks GRUPO

VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN in commerce in connection with goods, namely sound recordings, and services in the nature of live performances of a musical group.  Plaintiff has used the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks in commerce in connection with such goods and services continuously since at least as early as 1978.

32.     Plaintiff Ernesto Sosa Naranjo obtained the registration of the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks as early as 1990, although those registrations were not maintained, and has applied to register the mark GRUPO VENNUS DE AGUILILLA MICHOACAN several times over the years, the most recent application having been presented earlier this year.

33.     Defendant Vicente Sandoval is a former member of plaintiff's musical group who, by his own admission in his application to register the GRUPO VENNUS DE VICENTE SANDOVAL mark, did not use the GRUPO VENNUS mark in commerce for a period in excess of two decades after he left plaintiff's group.

34.     The mark GRUPO VENNUS is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection.  *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.,* 618 F.3d 1025, 1033 (9th Cir. 2010).

35.     Plaintiff's GRUPO VENNUS mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for over thirty (30) years.

36.     The mark adopted by defendant, i.e. "Grupo Venus de Vicente Sandval," is essentially identical to plaintiff's mark, since the salient term in each mark is the term "Vennus."

37.     The channels of trade in which the plaintiff's musical group "Grupo

Vennus de Aguililla Michoacan" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendant now attempts to promote his competing musical group using the same name that plaintiff has used in connection with his musical group for over three decades.

38.     There is a strong probability of likelihood of confusion arising from defendant's use of plaintiff's GRUPO VENNUS mark in connection with defendant's products and services.  Not only is defendant Vicente Sandoval using plaintiff's mark to advertise defendant's services in his online presence on Facebook, in addition defendant's actions have caused at least one promoter—and likely more—to utilize use the undifferentiated term "Grupo Vennus" to advertise defendant's performances in this district, even though defendant represented in his application to register his mark that his mark included the term "de Vicente Sandoval" ("of Vicente Sandoval").

39.     The fact that defendant chose to append the phrase "de Vicente Sandoval" ("of Vicente Sandoval") to the mark he sought to register, and ultimately did register, with the USPTO is tacit acknowledgement of the existence of another GRUPO VENNUS, i.e. plaintiff's, and a vain attempt to justify defendant's infringement simply by appending his name to plaintiff's mark.

40.     The actions of defendant Vicente Sandoval and those operating in concert with him, as alleged herein, constitute infringement of plaintiff's marks and have caused and stand to cause substantial damage to plaintiff's reputation and mark.

41.     The actions of defendants Rolando Marquez and Elida Marquez dba La Quinta Real Restaurant in advertising the services of defendant Vicente Sandoval using plaintiff's GRUPO VENNUS mark constitute infringement of plaintiff's marks and have caused and stand to cause substantial damage to plaintiff's reputation and mark.

42.     The actions of defendants and each of them as herein alleged were

and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

43.     Defendants' acts of unfair competition are willful and deliberate and performed with the intent to reap the benefit of plaintiff's name, goodwill and reputation.

44.     By reason of defendants' acts of false designation, description and representation, as alleged above, plaintiff has suffered, and will continue to suffer, substantial damage to his business reputation and goodwill, as well as loss of profits in an amount not yet ascertained.

45.     Defendants' actions of false designation, description and representation, as alleged above, have caused plaintiff irreparable injury, and defendants threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable injury.  Plaintiff's remedy at law is not adequate to compensate for injuries inflicted and threatened by defendants.

## SECOND CLAIM FOR RELIEF
## (STATE TRADEMARK INFRINGEMENT,
## AGAINST ALL DEFENDANTS)

46.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

47.     Defendants' acts complained of herein constitute trademark infringement under the common law of California.

48.     Defendants' conduct as alleged above has damaged and will continue to damage plaintiff's goodwill and reputation and has resulted in a loss of revenue to plaintiff in an amount to be determined.

## THIRD CLAIM FOR RELIEF

## (UNFAIR COMPETITION—CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*, AGAINST ALL DEFENDANTS)

49.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

50.     The acts and conduct of defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

51.     Defendants' violation of federal law [15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business practice.

52.     Defendant's acts of unfair competition have proximately caused and will continue to cause plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proven at trial.  Defendant's acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiff and to plaintiff's marks and trade names and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, for which plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*, AGAINST ALL DEFENDANTS)

53.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

54.     Plaintiff allege based upon information and belief that in engaging the acts described above defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or

use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendant's goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

55. By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiff in an amount to be proven at trial.

56. If defendants are permitted to proceed with the acts as aforesaid, plaintiff will continue to be irreparably injured by reason of defendant's false advertising.

57. If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiff will sustain serious and irreparable injury.  Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully.  Unless preliminarily and permanently enjoined by this Court, plaintiff is informed and believes and therefore allege that there is a substantial possibility and threat of ongoing false advertisement by defendants for which plaintiff are without an adequate remedy at law.

58. In addition, defendant's acts, if allowed to proceed and continue, will cause sales of plaintiff's goods and services to be lost or substantially diminished in value, and may require plaintiff to prepare and publish corrective advertising to ameliorate confusion caused by defendant's actions, all to plaintiff's damage in an as yet unascertained amount.  Plaintiff is informed and believes, and therefore allege, that defendant's acts may also result in substantial profits to defendants, to which defendants are not entitled.

COMPLAINT

## FIFTH CLAIM FOR RELIEF
## (INTERFERENCE WITH PROSPECTIVE
## BUSINESS ADVANTAGE, AGAINST ALL
## DEFENDANTS)

59.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

60.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

61.     Defendant, through his actions, have interfered with the prospective business advantage of plaintiff by interfering with the right of plaintiff to exploit and benefit commercially from plaintiff's marks and the goodwill of the business of plaintiff's musical group.

62.     Plaintiff has been damaged by the tortious interference by defendants with plaintiff's economic relations in an amount to be determined.

63.     The aforementioned acts of defendants were and are willful, oppressive and malicious.  Plaintiff therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SIXTH CLAIM FOR RELIEF
## (CANCELLATION OF REGISTRATION, AGAINST
## DEFENDANT VICENTE SANDOVAL ONLY)

64.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

65.     In June 2010, defendant Vicente Sandoval wrongfully applied to register the mark GRUPO VENNUS DE VICENTE SANDOVAL with the United States Patent and Trademark Office ("USPTO") in connection with services, namely the live entertainment services of a musical group, application Serial Number 85337067.

66.     In connection with his application to register the GRUPO VENNUS

DE VICENTE SANDOVAL mark on the Principal Register of the USPTO, defendant Vicente Sandoval signed the following statement:

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

67.     At the time defendant Vicente Sandoval signed the foregoing statement, he knew it to be false.

68.     The true fact was that defendant Vicente Sandoval knew that he was not the owner of the GRUPO VENNUS mark at the time he signed the above statement, nor did he believe that he was entitled to use the GRUPO VENNUS DE

VICENTE SANDOVAL mark in commerce in connection with the goods and services described in defendant's application.

69.     Defendant Vicente Sandoval made the above statements to the USPTO to induce the USPTO to issue the registration of the GRUPO VENNUS DE VICENTE SANDOVAL mark in his name.

70.     In reliance upon the false statements of Vicente Sandoval contained in his application to register the GRUPO VENNUS DE VICENTE SANDOVAL mark, on February 18, 2014 the USPTO issued Registration No. 4,483,261 for the GRUPO VENNUS DE VICENTE SANDOVAL mark in the name of defendant Vicente Sandoval.

71.     Plaintiff is entitled to cancellation of defendant's GRUPO VENNUS DE VICENTE SANDOVAL trademark as plaintiff has priority of use of the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks and trade names in commerce in connection with the same or similar goods and services in the same channels of trade, and there is a likelihood of confusion caused by defendant's use of his registered mark.  Defendant's intent in choosing a mark that is confusingly similar to plaintiff's mark is to trade off plaintiff's long and storied career in the entertainment field and to capitalize on plaintiff's artistic success.

72.     Defendant's registered mark falsely suggests a connection with plaintiff's musical group and the goods and services thereof.  Defendant's actions demonstrate that the false suggestion is intentional.

73.     Defendant's registration of the GRUPO VENNUS DE VICENTE SANDOVAL mark was obtained through fraud on the Trademark Office in that defendant knew that plaintiff owned and used the GRUPO VICENTE mark, defendants stated in his application for registration that no other person was using an identical or confusingly similar mark, and such statements were used to induce the USPTO to issue the registration of defendant's purported mark, causing damage to

plaintiff occasioned by defendant's use of the registration of defendant's purported mark as cover for infringing on plaintiff's mark, causing confusion amongst members of the consuming public in the relevant marketplace, and  deceiving purchasers of the goods and services of defendant's goods and services.

74.    Plaintiff has been damaged by the false statements and registration issued to defendant's herein, and plaintiff's continued use of his GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks will be impaired by the continued registration of the mark.

### SEVENTH CLAIM FOR RELIEF
### (ACCOUNTING, AGAINST ALL DEFENDANTS)

75.    This claim for relief arises under the common law of the State of California and is alleged against all defendants.

76.    Defendants are in possession of information relating to monies paid to defendants from his misleading and deceptive practices described herein, which represent a misappropriation of monies from plaintiff.  The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendant.  The amount of damages, profits and interest owing to plaintiff from defendants cannot be ascertained without an accounting by defendant.

77.    Defendant have also benefited economically from the usurpation of plaintiff's trade name and mark without accounting to plaintiff for the income and profits realized by defendant as a result of such activities.

78.    Plaintiff hereby demand, and are entitled to, an accounting of all monies received by defendant from his use of plaintiff's mark and trade name.

### EIGHTH CLAIM FOR RELIEF
### (TEMPORARY, PRELIMINARY AND
### PERMANENT INJUNCTIVE RELIEF, AGAINST
### ALL DEFENDANTS)

79.    Plaintiff realleges and incorporates in this cause of action all previous

paragraphs of this complaint.

80.   The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiff in the use of the GRUPO VENNUS and GRUPO VENNUS DE AGUILILLA MICHOACAN marks.  If this court does not issue a temporary, preliminary and permanent injunction against defendant prohibiting the use of the name "Vennus" and other confusingly similar terms, including without limitation "Grupo Vennus," in connection with the goods and services of defendant's musical group, plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

## **PRAYER**

WHEREFORE, plaintiff pray for relief as follows:

1.   For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendant and his agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)   using the VENNUS mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name "Grupo Vennus" and "Grupo Vennus de Aguililla Michoacan" including without limitation any mark that contains the word "Vennus," such as "Grupo Vennus de Vicente Sandoval," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiff's or not authorized by plaintiff to be sold in connection with each of said marks and name;

(b)   contacting promoters, advertisers or other businesses for the purpose of offering the services of defendant as "Vennus," "Grupo Vennus," "Grupo Vennus

de Vicente Sandoval," or any confusingly similar or colorable imitation of the "Vennus" name;

(c)    using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored by, authorized by, licensed by, or in any other way associated with plaintiff;

(d)    engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name;

(e)    doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

(f)    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3.  Cancellation of Reg. No. 4,483,261 of the mark GRUPO VENUS DE VICENTE SANDOVAL in the name of defendant Vicente Sandoval with the United States Patent and Trademark Office.

4.  That the Court direct that defendant pay plaintiff's general, special and actual and statutory damages as follows:

(a)    Plaintiff's damages and defendants' profits pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code § 17200 *et seq.* and § 17500 *et seq.*;

(b)    Such other damages as the Court shall deem to be just and equitable;

(c)    Punitive damages, in an amount to be determined by the Court, for defendant Vicente Sandoval's malicious, willful, intentional, deliberate and tortious conduct; and

(d)    Interest, including prejudgment interest, on the foregoing sums;

5.  For an accounting of all monies received by defendants from his activities in connection with the use of the name "Grupo Vennus," "Grupo Vennus de Vicente Sandoval," "Grupo Vennus de Aguililla Michoacan" or any other term that includes the name "Vennus";

6.  That the Court order defendants to pay to plaintiff both the costs of this action and the reasonable attorneys' fees incurred by plaintiff in prosecuting this action; and

7.  That the Court grant to plaintiff such other and additional relief as is just and proper.

Dated:  November 15, 2016

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial of this action by a jury.

Dated:  November 15, 2016

/s/Steven J. Eyre
Steven J. Eyre
Attorney for plaintiff