STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 420
LOS ANGELES, CALIFORNIA 90010
(213) 814-4416
fax (213) 985-2159
stevenjeyre@gmail.com

Attorney for plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

350 West 1st Street, Los Angeles, CA 90012

| | |
|---|---|
| ERNESTO SOSA NARANJO,<br><br>Plaintiff,<br><br>-vs.-<br><br>VICENTE SANDOVAL, ROLANDO MARQUEZDBA LA QUINTA REAL RESTAURANT, ELIDA MARQUEZDBA LA QUINTA REAL RESTAURANT,<br><br>Defendants. | Case No. 16 CV 08476 PSG (AGRx)<br><br>**PERMANENTINJUNCTION AS TO DEFENDANTS ROLANDO MARQUEZ DBA LA QUINTA REAL RESTAURANT AND ELIDA MARQUEZ DBA LA QUINTA REAL RESTAURANT *ONLY*** <br>**[69]** |

PlaintiffErnesto Sosa, filed his Complaint herein on November 15, 2016 for federal trademark infringement and unfair competition under 15 U.S.C. § 1125(a), and for other causes of action under federal and state law ("this Action").

PlaintiffErnesto Sosa Naranjo and defendantsRolando Marquez dba La Quinta Real Restaurant and Elida Marquez dba La Quinta Real Restaurant ("the Marquez defendants") have entered into a Stipulation for Entry of Permanent Injunction ("the Stipulation") with respect to this Permanent Injunction As To

-1-
PERMANENT INJUNCTION

Defendants Rolando Marquez Dba La Quinta Real Restaurant And Elida Marquez Dba La Quinta Real Restaurant *Only*("Injunction") to be entered by the United States District Court for the Central District of California ("the Court") with respect to the settlement of plaintiff's claims against the Marquez defendants *only* (and not as to any other party) without adjudication of any issue of fact or law.

THEREFORE, based upon the Stipulation entered into by plaintiff and the Marquez defendants, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of the claims brought by plaintiffs under 28 U.S.C. §§ 1331 and 1138(a), and under 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B) and 15 U.S.C. § 1125(c), for cancellation of a federal trademark, as well as over plaintiff's supplemental state law claims, as provided under 28 U.S.C. § 1367. The Court has jurisdiction over the parties.

2. Venue in the Central District of California, United States District Court ("this federal district") is proper.

3. Plaintiff's complaint in this action states claims for which relief can be granted against defendants Rolando Marquez Dba La Quinta Real Restaurant and Elida Marquez Dba La Quinta Real Restaurant.

4. The parties stipulate that they have entered into the Stipulation freely and without coercion.

5. The parties have acknowledged having reviewed the provisions of the Stipulation as well as this Injunction, and their willingness to abide by their provisions.

6. The parties have stipulated that this Injunction may be entered as set forth below without the taking of evidence, and without trial before the judge or jury, and to resolve all matters of dispute between plaintiff Ernesto Sosa Naranjo

and defendants Rolando Marquez dba La Quinta Real Restaurant and Elida Marquez dba La Quinta Real Restaurant *only* (and not as to any other party).

7. Each party to the Stipulation has waived any right to take an appeal from this Injunction.

8. Each party to the Stipulation has agreed that such party does not, and will not, oppose entry of the Permanent Injunction on the grounds that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure.

9. Each party to the Stipulation has agreed to bear such party's own costs of suit and attorney's fees incurred in connection with this Action as between plaintiff Ernesto Sosa Naranjo and defendants Rolando Marquez dba La Quinta Real Restaurant and Elida Marquez dba La Quinta Real Restaurant *only*, up to, and including, the date of the Stipulation.

## ORDER

IT IS THEREFORE ORDERED:

1. Defendants ROLANDO MARQUEZ DBA LA QUINTA REAL RESTAURANT and ELIDA MARQUEZ DBA LA QUINTA REAL RESTAURANT, their respective officers, agents, servants and employees, and those persons in active concert or participation with any of the foregoing who receive actual notice of this Order by personal service or otherwise are (except as otherwise set forth herein) hereby PERMANENTLY ENJOINED AND RESTRAINED from engaging in or performing any of the following acts:

    a. using the VENNUS mark or trade name alone or in combination with any other words or symbols which so resemble plaintiff's mark and name "Grupo Vennus" and "Grupo Vennus de Aguililla Michoacan" including without limitation any mark that contains the word "Vennus," such as "Grupo Vennus de Vicente Sandoval," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, social media, offering for sale, or sale of any product or service which is not plaintiff's or not authorized by plaintiff to be sold

in connection with each of said marks and name;

    b.    using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendantsRolando Marquez dba La Quinta Real Restaurant and Elida Marquez dba La Quinta Real Restaurant are sponsored by, authorized by, licensed by, or in any other way associated with plaintiff;

    c.    engaging in any other activity constituting an infringement of plaintiff's mark or trade name or of plaintiff's rights in, or right to use or to exploit said mark or trade name.

    2.    The Court shall have continuing jurisdiction over thisInjunction to enforce the terms of the same.

IT IS SO ORDERED.

Dated: March 19, 2018

**PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ
United States District Judge